IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANK KRUSE, as representative of the Estate of Jacob Jordan, deceased, | : | |
| Plaintiff, | : | |
| v. | : | CA 11-00513-KD-C |
| DALE BRYANT, et al., | : | |
| Defendants. | : | |

## **ORDER**

Motions to dismiss claims asserted in the plaintiff's first amended complaint have been filed by all but one defendant.[1]  At the request of the parties, the undersigned extended the deadlines to file responses and replies to those motions.  (*See* Doc. 57.)  Responses to the motions have been filed.  (*See supra* note 1.)  Replies are due tomorrow, July 6, 2012.  (*See* Doc. 57.)

---

[1] Defendants Byrne and Wasdin's motion to dismiss or, in the alternative, motion for summary judgment as to Count I of the plaintiff's amended complaint (Doc. 29; *see also* Doc. 30 (memorandum in support)) is fully briefed and ripe for consideration.  (*See* Docs. 43 & 58.)  Defendant Baldwin County Commission's motion to dismiss or, in the alternative, motion for summary judgment as to the claims asserted against it in the plaintiff's amended complaint (Doc. 44; *see also* Doc. 45 (memorandum in support)) was filed May 9, 2012.  ***The Court's docket, however, does not reflect that a response to this motion was filed.***  Defendant Charles E. Sherman, M.D.'s motion to dismiss the claims asserted against him in the plaintiff's amended complaint (Doc. 46) was filed May 9, 2012.  A response to that motion (Doc. 63) was filed June 22, 2012.  Defendants Rocky Lee Langham and Steve R. Drinkard's motion to dismiss the claims asserted against them in the plaintiff's amended complaint (Doc. 48; *see also* Doc. 49 (memorandum in support)) was filed May 10, 2012.  A response to that motion (Doc. 64) was filed June 22, 2012.  Defendants Connie Pimperl, Jimmie Williams, and Kenneth May's motion to dismiss the claims asserted against them in the plaintiff's amended complaint (Doc. 53; *see also* Doc. 54 (memorandum in support)) was filed May 11, 2012.  A response to that motion (Doc. 64) was filed June 22, 2012.  Defendant Edward Scott's motion to dismiss and brief in support (Docs. 59 & 60) was filed May 18, 2012.  A response to that motion (Doc. 64) was filed June 22, 2012.  Defendant Gregory E. Pinkard filed a waiver of service on June 13, 2012 (Doc. 62).  His response to the first amended complaint is due August 8, 2012.  (*See id.*)

On July 2, 2012, the plaintiff filed a motion for leave to file a second amended complaint (Doc. 66), stating that "[t]he proposed Second Amended Complaint attached [to the motion for leave] clarifies and alleges more specifically the breaches in the standard of care that Dr. Sherman committed" and "adds medical negligence claims against Defendants May, Williams and Pimperel - three nurses who were added as parties in the first amended complaint." (*Id.*, ¶¶ 6 & 7.)

Now pending before the undersigned is a motion to stay "any responses and/or replies that are due in regards to Plaintiff's First Amended Complaint" (Doc. 67), filed by ten of the eleven defendants on July 3, 2012. For the reasons stated below, the motion to stay is **DENIED**.

While a motion for leave to amend the currently operative complaint has been filed and referred to the District Judge, the undersigned notes that an amendment to a complaint does not automatically render moot the grounds raised in a motion to dismiss the previously operative complaint, *see, e.g., Bimler v. Stop & Shop Supermarket Co.*, 965 F. Supp. 292, 296 (D. Conn. 1997) (citing *Bernstein v. N.V. Nederlandsche–Amerikaansche Stoomvaart–Maatschappij*, 76 F. Supp. 335 (S.D.N.Y. 1948)); *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown*, No. 4:05-cv-02179, 2008 WL 2446066, at *2 n.1 (N.D. Ohio June 16, 2008), *vacated and reversed on other grounds*, 581 F.3d 420 (6th Cir. 2009). This is especially true where—like here—the amended complaint is "substantially identical to the original complaint." *Smith v. GE Aviation*, No. 3:10–cv–13, 2011 WL 2790166, at *1 (S.D. Ohio July 15, 2011) (quoting *Mata–Cuellar v. Tenn. Dep't of Safety*, No. 3:10–0619, 2010 WL 3122635, at *2 (W.D. Tenn. Aug. 6, 2010). In *Smith*, the

2

only differences between the operative complaint and its previous incarnation were additional facts alleged in support of one claim and the addition of another claim. *See id.* Similar to that case, here, the plaintiff represents that his amendment merely "clarifies and alleges" Defendant Sherman's alleged breaches in the standard of care and adds a claim against three defendants. (Doc. 66, ¶¶ 6 & 7.) The undersigned, therefore, believes—assuming the District Judge grants the motion for leave to amend— that the briefing the parties have already provided, and will provide shortly, will go a long way (if not most of the way) towards resolving any subsequent motions to dismiss the second amended complaint.

If a second amended complaint is filed, the undersigned anticipates a conference with the parties to discuss the efficient resolution of pre-answer motions. In the meantime, replies remain due tomorrow, July 6, 2012. (*See* Doc. 57.)

**DONE and ORDERED** this the 5th day of July, 2012.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**