IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANK KRUSE,** *as personal representative of* | ) | |
| *Jacob Jordan, deceased,* | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 11-00513-KD-C |
| | ) | |
| **DALE BYRNE, et al.,** | ) | |
| Defendants. | ) | |

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated October 19, 2012 is **ADOPTED** as the opinion of this Court **with the exception** of the Magistrate Judge's recommendation to deny the motion to dismiss the wrongful death claims against Drinkard, Langham, Scott and Pinkard.

Specifically, as to the claim of wrongful death against Drinkard and Langham (guards at the jail), the Complaint is completely without any factual basis to support the claim that the negligence of Langham or Drinkard proximately caused the death of the decedent. Plaintiff fails to allege any facts regarding any involvement these defendants had with Jacob Jordan, the decedent, during his incarceration. Moreover, there is a but a single allegation supporting the negligence claim against Scott and Pinkard; that either Scott or Pinkard was "called out" to by decedent's mother and told that the decedent was ill and needed to go to the hospital. This sole allegation against either Scott or Pinkard is insufficient to "raise a right to relief above the speculative level" on the claim that the negligence of Scott or Pinkard contributed the death of Jordan. Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007)(While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

1

need detailed factual allegations, *ibid.,* a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.)

Accordingly, it is **ORDERED** that the motion to dismiss the wrongful death claims against Drinkard, Langham, Scott and Pinkard on the basis that is **GRANTED.**

**DONE** and **ORDERED** this the **8th** day of **November 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**