# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANK KRUSE, *as personal representative* of Jacob Jordan, deceased,<br>　　Plaintiff,<br><br>vs.<br><br>DALE BYRNE, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 11-00513-KD-C<br>)<br>)<br>) |

## ORDER

This action is before the Court on the Motion for Summary Judgment (Doc. 110) and supporting documents (Docs. 112 – 116, 118) filed by Defendants Connie Pimperl ("Pimperl"), Kenneth May ("May"), and Jimmie Williams ("Williams") (collectively, the "Movant Defendants") pursuant to Federal Rule of Civil Procedure 56, along with the Response in opposition (Doc. 128) and supporting exhibits (Docs. 129 – 135) filed by Plaintiff Frank Kruse, as personal representative of Jacob Jordan, deceased ("Plaintiff") and the Movant Defendants' Reply (Doc. ) in support. Upon consideration, and for the reasons stated herein, the Court finds that the motion is due to be **GRANTED in part** and that further discovery is needed regarding the remainder of the motion.

### I.　Procedural History

On September 7, 2011, Plaintiff initiated this action by filing a Complaint with the Court, asserting claims for violations of 42 U.S.C. § 1983 and for wrongful death under state law. (Doc. 1). On April 11, 2012, Plaintiff, with leave of the Court (Doc. 24), filed his Amended Complaint (Doc. 25), which added the Movant Defendants and others as parties to this action. On July 25, 2012, again with leave of Court (Doc. 74), Plaintiff filed his Second Amended Complaint (Doc. 75), the operative complaint in this action. The Second Amended Complaint (Doc. 75) alleged claims against all three Movant Defendants 1) for deliberate indifference to Plaintiff's serious medical

1

needs in violation of § 1983 (Count I), 2) for wrongful death under state law (Count V), and 3) for medical malpractice under state law (Counts VI (May and Williams) & VII (Pimperl)).  Plaintiff's claims are based on the circumstances surrounding the death of Jacob Jordan ("Jordan") on July 9, 2010, which occurred while he was in the custody of the Baldwin County Corrections Center.

On November 9, 2012, the Court denied the Movant Defendants' motions to dismiss the claims against them asserted in the Second Amended Complaint based on qualified immunity as to the federal claims and absolute immunity as to the state-law claims.  (Docs. 95, 98).  On August 30, 2013, the Movant Defendants filed the present Motion for Summary Judgment (Doc. 110), which was timely pursuant to the Court's scheduling order (see Docs. 103, 106).

The Movant Defendants argue that they are due summary judgment in their favor for the following reasons:

1. The Movant Defendants are entitled to qualified immunity as to Plaintiff's § 1983 claim in Count I.  (Doc. 112 at 17-30).

2. Plaintiff's evidence is insufficient to show that the Movant Defendants' conduct caused Jordan's death so as to subject them to liability for Plaintiff's state law claims.  (Id. at 31-33).

3. Plaintiff has offered no expert testimony indicating that Pimperl's and May's conduct towards Jordan fell below the applicable standard of care so as to subject them to liability for Plaintiff's state law claims.  (Id. at 30).

4. The Movant Defendants are entitled to absolute and/or state-agent immunity as to Plaintiff's state law claims.  (Id. at 33-41).

2

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

(1) ***Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) ***Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

(4) ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing whether a non-moving party has met its burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

### III.    Analysis & Conclusions

#### a.    Abandoned Claims

In the preamble to his Response to the Movant Defendants' Motion for Summary Judgment, Plaintiff asserts that, "[b]ecause the evidence shows there are genuine issues of material fact with regard to the claims against Defendant Jimmie Williams, the motion for summary judgment should be DENIED as to Defendant Williams." (Doc. 128 at 1 (footnote omitted)). Moreover, Plaintiff expressly notes that he "is not filing a response in opposition to the motion[ for summary judgment] as it relates to Defendants Pimperl and May." (Id. n.1). Because Plaintiff has expressly declined to respond to the motion as it relates to Pimperl and May, the Court finds that Plaintiff has abandoned his claims against those Defendants.[1] Accordingly, it is **ORDERED** that the Movant Defendants'

---

[1] See, e.g., Ekokotu v. Fed. Exp. Corp., No. 12-16118, 2013 WL 3491397, at *2 (11th Cir. July 15, 2013) ("[T]he court correctly held that Ekokotu abandoned the claims because he not only failed to argue them in response to FedEx's motion for summary judgment, but he explicitly and unequivocally disavowed them in response to FedEx's motion for summary judgment." (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995)) (unpublished); Fischer v. Fed. Bureau of Prisons, 349 F. App'x 372, 375 n.2 (11th Cir. 2009) ("Fischer has waived any claim related to the blood clotting in his leg because he did not address that issue in response to Dr. Tidwell's motion for summary judgment." (citing Transamerica Leasing, Inc. v. Inst. of London Underwriters, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001)); Crayton v. Valued Servs. of Ala., LLC, 737 F. Supp. 2d 1320, 1331 (M.D. Ala. 2010) (". . . [T]he Court finds that Plaintiff has abandoned her non-termination retaliation claims due to her failure to address Defendant's arguments respecting these claims or otherwise provide support for them in her response to the motion for summary judgment." (citing cases)); Daniels v. City of Hartford, Ala., 645 F. Supp. 2d 1036, 1049 (M.D. Ala. 2009) ("To the extent there were claims against Sheriff Olsen in his official capacity asserted in the Amended

motion for summary judgment (Doc. 110) is **GRANTED** as to Defendants Pimperl and May. For reasons stated *infra*, the Court withholds ruling on the motion as it relates to Defendant Williams.

b. **Further Discovery**

Having reviewed all briefing and evidentiary submissions regarding the present motion for summary judgment (Doc. 110), the Court finds that Williams should be allowed the opportunity to depose Jemal Walker, whose affidavit (Doc. 130) Plaintiff has presented in opposition to the motion,[2] and to supplement her Reply (Doc. 137) in support of summary judgment based on evidence so obtained. Accordingly, pursuant to Federal Rule of Civil Procedure 16(b)(4), and for good cause, the Court hereby **MODIFIES** the Supplemental Rule 16(b) Scheduling Order such that discovery in this action is **REOPENED** until **Monday, October 28, 2013**, for the limited purpose of allowing Jemal Walker to be deposed.[3] Additionally, Williams is permitted to file, on or before **Monday, October 28, 2013**, a supplement to her Reply (Doc. 137) that addresses any pertinent evidence obtained during this supplemental discovery period. The motion for summary judgment (Doc. 110) shall be taken under submission on **Tuesday, October 29, 2013**.

**DONE** and **ORDERED** this the **7th** day of **October 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Complaint that Plaintiffs have not explicitly abandoned, Plaintiffs have abandoned them because the response to the Motion for Summary Judgment failed to address these claims."); Johnson-Mosley v. Ala. Unified Judicial Sys., Civ. A. No. 12-0184-CG-N, 2013 WL 1966009, at *4 (S.D. Ala. May 9, 2013) (Granade, J.).

[2] Williams represents that "the affidavit was not produced until September 5, 2013, well after discovery had closed in this case." (Doc. 137 at 5). The discovery cut-off date in this action was August 1, 2013. (Doc. 103 at 1; Doc. 106).

[3] This Order <u>does not</u> modify any other deadlines or limitations set forth in the scheduling order.